Souksamlane v. Corrections, et al.    CV-97-400-M    02/17/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Thavone Souksamlane

　　v.                                          Civil No. 97-400-M

Corrections Commissioner, et al.


**O R D E R**


Plaintiff Thavone Souksamlane has filed an objection to the Magistrate Judge's Report and Recommendation finding that Souksamlane lied during a hearing when he gave testimony about a prison incident.  As a result the Magistrate Judge denied Souksamlane's request for injunctive relief.  In addition, the Magistrate Judge recommended summary dismissal of Souksamlane's suit, as a sanction for his perjury.  The report of the Magistrate Judge recommending dispositive action is reviewed de novo.  28 U.S.C.A.  § 636(b)(1); Fed. R. Civ. P. 72(b).


A.    **Request for Injunctive Relief**

Plaintiff filed a motion seeking injunctive relief precluding his transfer to another prison, alleging a litany of abuses and harassment.  He then filed another motion for emergency relief, alleging that he was attacked, beaten, and maced by correctional officers on December 31, 1997.  The Magistrate Judge held a hearing at which plaintiff, the prison classification officer, and a prison correctional officer testified.  In the course of the hearing it was revealed that the

December 31 incident was recorded on videotape. Anticipating the results of the videotape, plaintiff filed a motion to add a defendant, in which he alleged that because of the beating and abuse he suffered, he could not provide an accurate statement at the pretrial hearing.

The Magistrate Judge reviewed the videotape and documentary evidence submitted in the case and found that the officers acted appropriately and professionally during the December 31 incident; that defendants' testimony and exhibits contradicted plaintiff's allegations and testimony; and, that plaintiff did not testify truthfully at the hearing. In addition, the Magistrate Judge found, based on his observations of plaintiff's demeanor and body language during the hearing, that plaintiff's memory of the incident was not impaired. The judge also found that plaintiff deliberately lied when he claimed that his testimony was not accurate because of the effects of his treatment by defendants. Concluding that plaintiff had not demonstrated a likelihood of success on the merits of his claims in support of injunctive relief, the Magistrate recommended that his motion be denied.

The Magistrate's factual findings are fully supported by the record, and they are hereby approved and adopted. Since only plaintiff's untruthful testimony supported his allegations of mistreatment, he did not establish a likelihood of success on the merits of his claims, and his requests for injunctive or emergency relief fail. See Strahan v. Coxe, 127 F.3d 155, 159 (1st Cir. 1997). The Magistrate Judge's report and

2

recommendation is approved with respect to denial of plaintiff's motions for injunctive relief (documents 19 and 25).

## B.   Sanction

When a plaintiff's misconduct causes a fraud on the court, the court may dismiss the suit as an appropriate sanction. <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115, 1119 (1st Cir. 1989). "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the opposing party's claim or defense." <u>Id.</u> at 1118. In plain words, if, in support of his suit, a plaintiff deliberately lies about things that supposedly happened to him by telling the court under oath that people beat him for no reason or otherwise mistreated him, when in fact nothing of the sort happened, or tells the court that he did not do things that he did do, and if these lies matter to plaintiff's suit, he has caused a fraud on the court and risks dismissal of his suit, both as a personal sanction and to protect the integrity of judicial proceedings in general. In this case, the Magistrate Judge recommends that plaintiff's suit be dismissed as a sanction for his false testimony and false representations to the court.

Outright dismissal of a lawsuit is a "particularly severe sanction" for misconduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32,

3

45 (1991). Though plaintiff is acting pro se, he is no stranger to the justice system and surely knows that false testimony under oath in a United States court proceeding is not tolerable, and indeed is criminal conduct if the subject is material.

Because by lying under oath about a material matter and deliberately misrepresenting facts in pleadings, plaintiff has engaged in conduct utterly inconsistent with the orderly administration of justice, and because he willfully deceived the court (and even <u>repeats</u> his attempted deception in his "Motion to Amend Complaint," attached to document no. 41), the court will accept the Magistrate Judge's recommendation and exercise its inherent power to dismiss plaintiff's civil suit to protect the integrity of its proceedings and as a personal sanction for plaintiff's calculated fraud and perjury. <u>Aoude v. Mobil Oil Corp.</u>, <u>supra</u>, 892 F.2d at 1119-20 (citing cases).

## <u>Conclusion</u>

The Magistrate Judge's Report and Recommendation (document no. 39) is approved and adopted. The plaintiff's complaint is also dismissed. All pending motions are denied as moot in light of the dismissal.

4

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

February 17, 1998

cc:  Thavone Souksamlane
     Jennifer B. Gavilondo, Esq.